IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CHEVRON STATIONS, INC., dba ) <br> Chevron Station #1553, and CHEVRON ) <br> U.S.A, INC., ) <br> ) <br> Defendants. ) <br> _____ ) | 1:09-cv-1324  AWI SMS <br><br> ORDER VACATING <br> HEARING, ORDER <br> VACATING PRE-TRIAL <br> CONFERENCE, AND ORDER <br> PERMITTING SUR-REPLY <br> AND ADDITIONAL <br> PHOTOGRAPHIC EVIDENCE |

    This is a civil rights case based on disability.  Currently pending before the Court is Defendants' motion for summary judgment.  Hearing on this matter is set for September 6, 2011.  The Pre-Trial conference is set for September 16, 2011.  Trial is set for October 25, 2011.

    On August 18, 2011, Plaintiff properly submitted a recent Ninth Circuit decision that was directly adverse to a position taken by Plaintiff in opposition to summary judgment.  On August 30, 2011, Defendants cited the same case for the proposition that, with one exception, none of the barriers identified by Plaintiff's expert should be consider because those barriers were not identified in the First Amended Complaint.  The Ninth Circuit case is *Oliver v. Ralphs Grocery Co.*, - - - F.3d - - -, 2011 U.S. App. LEXIS 17022 (9th Cir. Aug. 17, 2011).  The holdings of *Oliver* appear to be highly relevant to this case.  Plaintiff has not had the opportunity to address the arguments made by Defendants that rest upon *Oliver*.  As such, the Court believes that it is appropriate to allow Plaintiff the opportunity to file a sur-reply.

Additionally, one argument raised by Defendants is that most of the ADA claims are now moot because Defendants have voluntarily taken corrective action.  Defendants rely on the declaration of their maintenance manager and did not submit photographs of the corrected "barriers."  Plaintiff maintains that no work permits have been issued by the County, which makes the representations of the declaration suspect.  If Defendants wish to submit photographs that show the corrective actions that Defendants made with respect to the specific, alleged ADA violations, they may do so.

Further, the Court's schedule is such that it will no longer be available for a pre-trial conference on September 16, 2011.  The additional briefing also makes the September 16, 2011, conference date impractical.

Finally, the scheduling order indicated that it was "to be determined" whether this case was to be a jury trial or a bench trial.  Irrespective of the any potential summary judgment ruling, the parties will be directed to inform the Court whether trial will be before a jury or before the undersigned.

Accordingly, IT IS HEREBY ORDERED that:

1. The September 6, 2011, hearing date on Defendants' motion is VACATED;
2. The September 16, 2011, pre-trial conference is VACATED;
3. On or by September 12, 2011, Plaintiff may file a sur-reply to Defendants' reply (special emphasis should be placed on the *Oliver* decision);
4. On or by September 12, 2011, Defendants may file photographs (properly authenticated) that support their position that the alleged ADA claims by Plaintiff are moot;
5. On or by September 20, 2011, Defendants may file a response to Plaintiffs' sur-reply, and Plaintiffs may file a response to any photographs submitted by Defendants;
6. Upon receipt of the additional briefing, the Court will determine whether a hearing is necessary, and, if the Court so determines, it will set a hearing on a later date;
7. Upon resolution of Defendants' motion for summary judgment, the Court will set a new

1     pre-trial conference date, if necessary;[1] and

2  8.   On or by September 15, 2011, and irrespective of any potential summary judgment rulings, the parties shall file a joint status report that informs the Court whether this case shall be a jury trial or a bench trial.

IT IS SO ORDERED.

Dated:   August 31, 2011

                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[1] For now, the October 25, 2011, trial date shall remain in place.