IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN,<br><br>　　　　Plaintiff,<br>　v.<br><br>CHEVRON STATIONS, INC., dba<br>Chevron Station #1553, and CHEVRON<br>U.S.A, INC.,<br><br>　　　　Defendants. | 1:09-cv-1324  AWI SMS<br><br>ORDER ON PLAINTIFF'S EX PARTE APPLICATION FOR ADDITIONAL TIME TO FILE A SUR-REPLY<br><br>(Doc. No. 41) |

　　　On September 1, 2011, this Court gave Plaintiff permission to file a sur-reply, with special emphasis on the recent Ninth Circuit case of *Oliver v. Ralphs Grocery Co.*, - - - F.3d - - -, 2011 U.S. App. LEXIS 17022 (9th Cir. Aug. 17, 2011).  See Court's Docket Doc. No. 40. Plaintiff's counsel represented the plaintiff in *Oliver*.  The Court set a deadline of September 12, 2011, for Plaintiff to file the sur-reply.[1]  See id.

　　　On September 7, 2011, Plaintiff filed an ex parte application to move the date to file the sur-reply and the response to photographs.  Plaintiff's counsel Scottlynn Hubbard declares that he is in the middle of an ERISA trial in the Sacramento federal court that has lasted three weeks and is expected to end September 23, that he is the person who prepares briefs in his office, and he is uniquely suited to address *Oliver* as he tried and argued the *Oliver* case.  Plaintiff requests a new deadline of October 12, 2011, to file the sur-reply and a date of October 20, 2011, to file responses.  Trial is set for October 25, 2011.

---

[1] The Court also set a deadline of September 12, 2011, for Defendants to file photographs that show the alterations to the facility at issue.

The Court will not grant Plaintiff a 30 day extension. The primary purpose for allowing the sur-reply was for Plaintiff to brief the effects of *Oliver* on this case. That opinion is just over six printed pages (with double columns on each page) in length. Moreover, Plaintiff's counsel is intimately aware of that case since he was *Oliver*'s counsel. Under these circumstances, giving Plaintiff what amounts to 42 days to brief the effects of the *Oliver* decision is not reasonable.

The Court understands that one of Plaintiff's counsel is in trail, but given Plaintiff's counsel's intimate knowledge of both this case and *Oliver* (which again is not a lengthy decision), submitting a sur-reply while dealing with trial is not an insurmountable task.[2] The Court will give Plaintiff a brief extension of time, but it will not be close to 30 days.[3]

Accordingly, IT IS HEREBY ORDERED that Plaintiff's ex parte application is GRANTED in part as follows:

1. The deadline for Plaintiff to file a sur-reply is reset from September 12, 2011, to September 15, 2011;
2. Plaintiff may file a response to the photographs submitted by Defendant on or by September 22, 2011;
3. Defendant may file a response to Plaintiff's sur-reply on or by September 22, 2011; and
4. All other dates and aspects of the Court's September 1, 2011, order (which is Document No. 40 in the Court's docket) remain in place.

IT IS SO ORDERED.

Dated: September 9, 2011

CHIEF UNITED STATES DISTRICT JUDGE

---

[2] It is also not an insurmountable task since, as Defendants in opposition point out the attorneys who represented Oliver were Lynn Hubbard and Scottlynn Hubbard. Both of these attorneys have made filings in this Court on this case. See, e.g., Court's Docket Doc. Nos. 10, 21, 31, 35, 41.

[3] Additionally, moving the deadline to October 12 would make the October 25 date impractical. While the Court at some point may move the October 25 trial date, the current circumstances do not require vacation and rescheduling of the trial.