IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHAPMAN,               )<br>                                              )<br>        **Plaintiff**,                   )<br>    v.                                       )<br>                                              )<br>CHEVRON STATIONS, INC., dba )<br>Chevron Station #1553, and CHEVRON )<br>U.S.A, INC.,                               )<br>                                              )<br>        **Defendants.**              )<br>_____ ) | 1:09-cv-1324  AWI SMS<br><br>**ORDER ON DEFENDANTS'**<br>**RULE 59(e) MOTION**<br><br>(Doc. No. 57) |

   On October 5, 2011, the Court granted Defendants' motion for summary judgment. The Clerk entered judgment in favor of Defendants on the same day. On October 18, 2011, Plaintiff filed a notice of appeal. On November 2, 2011, Defendants filed this Rule 59(e) motion for clarification.

   *Parties' Contentions*

   Defendants argue that this Court's resolution of the first claim in the summary judgment order also provides the basis for summary judgment on the corresponding pendent state law causes of action. The Court relied on *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011) in holding that the purported violation of the California Municipal Manual on Uniform Traffic Control Devices ("MUTCD") did not state a claim under the Americans with Disabilities Act. While the Court declined to exercise supplemental jurisdiction over the state law claims, the reasoning of *Oliver* and in the Court's summary judgment order shows that there is no viable

state law claim for a violation of the MUTCD.  Because *Oliver* rejected Plaintiff's position regarding the MUTCD, there is no compensable injury that can form the basis of a state law violation.  It is appropriate for the Court to clarify that the reasons for dismissal of the federal cause of action under the first claim also applies to the corresponding state law causes of action.  Thus, the Court should exercise supplemental jurisdiction and over the state law claim and grant summary judgment.

     Plaintiff contends that Defendants are improperly attempting to relitigate matters that should have been raised in the motion for summary judgment.  In the motion for summary judgment, Defendants addressed *Oliver* and requested that the Court decline to exercise supplemental jurisdiction.  Now, Defendants are attempting to convince the Court to exercise supplemental jurisdiction over the state law claims and grant summary judgment.  Plaintiff also contends that there is nothing to clarify since the Court clearly stated that it was not exercising supplemental jurisdiction over the state law claims.  Further, Plaintiff argues that the Court lacks jurisdiction to alter the summary judgment order because an appeal has been filed.  Finally, Plaintiff contends that, even if the Court exercises supplemental jurisdiction, it cannot rely on *Oliver* because that case did not discuss the MUTCD with respect to state law claims.

     *Discussion*

     Initially, Plaintiff's argument that the Court lacks jurisdiction to hear this Rule 59(e) motion is incorrect.  When a notice of appeal is filed, and later a timely Rule 59 motion is filed, the appeal is temporarily held in abeyance until the district court decides the Rule 59 motion. See Warren v. Am. Bankers Ins., 507 F.3d 1239, 1244-45 (10th Cir. 2007); In re Rains, 428 F.3d 893, 904 n.9 (9th Cir. 2005); Ross v. Marshall, 426 F.3d 745, 752 n.13 (5th Cir. 2005).  Here, Defendants' Rule 59(e) motion was timely filed on the twenty-eighth day after entry of judgment. See Fed. R. Civ. Pro. 59(e); Court's Docket Doc. Nos. 51, 57.  Therefore, the Court has the jurisdiction to rule on Defendants' motion, notwithstanding the fact that the Rule 59 motion was filed after Plaintiff filed his appeal.  See Fed. R. App. Pro. 4; Warren, 507 F.3d at 1244-45; Rains, 428 F.3d at 904 n.9; Ross, 426 F.3d at 752 n.13.

     With respect to the substance of the Rule 59(e) motion, the Court does not believe that

relief is proper. First, "Rule 59(e) amendments are appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Dixon v. Wallowa County, 336 F.3d 1013, 1022 (9th Cir. 2003). This standard is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). Defendants have not shown a change in controlling law, submitted newly discovered evidence, or shown that the Court committed clear error or that its decision was manifestly unjust. See Dixon, 336 F.3d at 1022. Thus, Defendants have not met their "high hurdle." Second, *Oliver*'s discussion of the MUTCD was entirely in the context of federal laws and regulations. *Oliver* did not discuss how the MUTCD applied to either the California Unruh Act or the California Disabled Persons Act (the two state laws alleged by Plaintiff). See Oliver, 654 F.3d at 909-11. Extending *Oliver*'s MUTCD holding to California state law causes of action would materially and novelly alter the Court's summary judgment order rather than clarify it.

*Conclusion*

The Court has considerable discretion in deciding a Rule 59(e) motion. See Turner v. Burlington N. Santa Fe. R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003). Because Defendants have not met their "high hurdle" and established one of the grounds for granting a Rule 59(e) motion, and because a holding that *Oliver*'s discussion of the MUTCD applies to the California laws at issue would not be a clarification of the Court's order, Defendants' Rule 59(e) motion will be denied.

Accordingly, IT IS HEREBY ORDERED that Defendants' Rule 59(e) motion for clarification is DENIED.

IT IS SO ORDERED.

Dated:    December 12, 2011

CHIEF UNITED STATES DISTRICT JUDGE